# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 26, 2008

## STATE OF TENNESSEE v. RANDALL A. MYERS

**Direct Appeal from the Circuit Court for Blount County**
**No. C-15714     Jon Kerry Blackwood, Judge**

---

**No. E2007-01810-CCA-R3-CD - Filed January 5, 2009**

---

The defendant, Randall A. Myers, appeals the sentence imposed by the Blount County Circuit Court following his open guilty plea to two counts of filing a false report, Class D felonies, and one count of theft of property under $500, a Class A misdemeanor. After hearing the evidence presented at the sentencing hearing, the trial court imposed consecutive sentences of four years, three years, and eleven months and twenty-nine days. The court further ordered the sentences to be served in confinement. On appeal, the defendant asserts that: (1) the two felony sentences are excessive; (2) the court erred in denying an alternative sentence; and (3) the trial court erred in imposing consecutive sentences. Following review of the record, we affirm the sentences as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Charles A. Carpenter (on appeal) and William Gribble (at trial), Maryville, Tennessee, for the appellant, Randall A. Myers.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William H. Cox, III, District Attorney General Pro Tempore; and Neal Pinkston, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The underlying facts of the defendant's three cases, as recited at the guilty plea hearing, are as follows:

> [I]n 15714, a false report from December of 2004, allegations that [the defendant] reported to the Blount County Sheriff's Department and it was later turned over to

the TBI of an alleged murder for hire of some inmate. And that proved - - by monitoring of reports and phone conversations, proved to be false.

[In] 15715, false report, the State would submit that there was a phone call from [the defendant] made 2005 while out on the bond for the other false report, he gave this report of a false incident here in Blount County. That, too, proved out to be false.

And in 15716, theft [under] five hundred, the State alleges that [the defendant] offered to sell an individual golf clubs in the amount of $230. The check was written and [cashed]; however, the clubs were never provided.

Based upon these allegations, the defendant was indicted by a Blount County grand jury for two counts of Class C filing a false report and one count of theft of property less than $500. He subsequently entered a best interest plea agreement. Pursuant to the agreement, the defendant pled guilty to two Class D felony filing a false report charges and to the theft of property. Moreover, the agreement specified that the defendant was to be sentenced as a Range I, standard offender, although he qualified as a Range II offender. However, the agreement provided that the length of the sentences and the manner of their service were to be determined by the trial court.

At the subsequent sentencing hearing, the board of probation and parole officer who prepared the presentence report testified and introduced the report into evidence. According to the officer, he had difficulty completing the report because the defendant failed to contact the officer despite having been informed to do so. The officer was eventually able to interview the defendant following his subsequent arrest. The presentence report indicated that the defendant had a length history of criminal convictions, beginning in 1987, and that the defendant had previously been revoked from probation twice and parole once.

After hearing the evidence presented, the trial court imposed sentences of four years for one count of filing a false report, three years for the second count, and eleven months and twenty-nine days for the theft of property. The court further ordered that the sentences were to be served consecutively and in confinement. The defendant now appeals the sentences.

**Analysis**

On appeal, the defendant raises three challenges to the sentences imposed. First, he contends that the two sentences for filing a false report are excessive in length. Second, he argues that the court erred in denying an alternative sentence. Finally, he asserts that it was error to impose consecutive sentences.

Initially, we note that the two felony offenses for which the defendant was convicted occurred on December 20, 2004, and May 25, 2005, although he was not sentenced until July 2007. The misdemeanor theft offense, which the defendant does not challenge in this appeal, was committed on June 17, 2005. Effective June 7, 2005, our sentencing act was amended in response to *Blakely*

*v. Washington. See* T.C.A. § 40-35-210(c) (Supp. 2005); *cf.* T.C.A. § 40-35-210(c) (2003). In the "Compiler's Notes" section to this amendment, it states:

> Acts 2005, ch. 353, § 18 provided that the act shall apply to sentencing for criminal offenses on or after June 7, 2005. Offenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects. However, for defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's *ex post facto* protections. Upon executing such a waiver, all provisions of the act shall apply to the defendant.

T.C.A. § 40-35-210, Compiler's Notes. In the instant case, the record is devoid of any waiver of the defendant's *ex post facto* protections. Thus, the 2005 amendments to the statute do not apply to the defendant's felony convictions. Therefore, we review the trial court's imposition of the sentences in this case pursuant to the former act, as modified by *State v. Gomez*, 239 S.W.3d 733, 740 (Tenn. 2007) ("*Gomez II*").

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401 (2003), Sentencing Comm'n Cmts. When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). When conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the defendant on his or her own behalf; and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

## I. Sentence Length

The defendant asserts that the respective four-year and three-year sentences imposed for his two convictions for filing a false report are excessive "because the trial court imposed a sentence of confinement that was only two (2) years less than the maximum possible sentence" and because the court "did not apparently consider whether the sentence [it] imposed was the least severe measure necessary to achieve the purposes for which the sentence was imposed."

Under the law as it existed prior to the 2005 amendments, unless enhancement factors were present, the presumptive sentence to be imposed for a Class D felony was the minimum sentence within the applicable range. T.C.A. § 40-35-210(c). As the defendant was sentenced as a Range I offender, the appropriate range was two to four years. *See* T.C.A. § 40-35-112(a)(4) (2003). Tennessee's pre-2005 sentencing act provided that the trial court was to increase the sentence within the range based on the existence of enhancement factors and reduce the sentence as appropriate for any mitigating factors. T.C.A. § 40-35-210(d), (e). Our supreme court has held that, upon the finding of even one enhancement factor, "the statute afforded to the judge discretion to choose an appropriate sentence anywhere within the statutory range." *State v. Gomez*, 163 S.W.3d 632, 659 (Tenn. 2005) ("*Gomez I*"). Moreover, the law is well established that the weight assigned to an enhancement factor "is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record." *State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001) (citations omitted).

Thus, based upon the applicable law, we must reject the defendant's contentions with regard to the length of the sentence. The record of the proceedings below indicates that the trial court considered all relevant purposes and principles of the sentencing act. It was not error for the trial court to impose a sentence "only two years less than the maximum possible sentence" based upon its discretion.

However, the Tennessee Supreme Court recently held that the trial court's enhancement of a defendant's sentence based on factors that had not been found by a jury beyond a reasonable doubt violated a defendant's Sixth Amendment right to a jury trial as interpreted by the Supreme Court in *Gomez II*, 239 S.W.3d at 740 (citing *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 860 (2007)); *see also Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000)) ("' Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"). *Blakely* was also clear that a defendant's sentence could also be enhanced based upon facts "admitted by the defendant." *Blakely*, 542 U.S. at 304, 124 S. Ct. at 2537.

In determining the appropriate sentence length in this case, the trial court found as follows:

> The Court finds that the Defendant has a prior history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range and that the Defendant has an unwillingness to comply with a sentence involving release in the community. These enhancements outweigh the mitigating factor that his conduct neither caused nor threatened serious bodily injury.

Thus, the record establishes that the trial court imposed two enhancement factors, as well as one mitigating factor. *See* T.C.A. § 40-35-114(1), (8), -113(1) (2003). On appeal, the defendant does not challenge the application of these factors. However, review of the record reveals that the trial court erred in applying the enhancement factor for the defendant's previous unwillingness to comply

with the conditions of a sentence involving release into the community based upon *Gomez II*. *See Gomez II*, 239 S.W.3d at 740 (a trial court's enhancement of a defendant's sentence, on the basis of judicially determined facts other than a defendant's prior convictions, violated that defendant's constitutional rights under the Sixth Amendment to the United States Constitution); *see also State v. Phedrek T. Davis*, No. M2006-00198-SC-R11-CD (Tenn., Oct. 17, 2008) (finding was error to apply the factor for previous unwillingness to comply with the conditions of a sentence involving release into the community because this contention was not put before the jury or admitted by the defendant). Though the presentence report, which establishes that the defendant had previously violated probation and parole, was entered without objection by the defendant, we cannot conclude that is sufficient to constitute an admission for Sixth Amendment purposes. This court has previously held that an admission sufficient to support the enhancement of a defendant's sentence under *Blakely* must rest upon a defendant's unequivocal testimony, at trial or at the sentencing hearing, or a factual acknowledgment in the presentence report when the presentence report is introduced as an exhibit at the sentencing hearing without objection. *State v. Anthony Riggs*, No. M2007-02322-RM-CD (Tenn. Crim. App., at Nashville, May 7, 2008).

However, as noted, the defendant has not challenged the court's application of the enhancement factor. Thus, the issue is waived, and our review is limited to whether the trial court committed plain error in sentencing the defendant. *Gomez II*, 239 S.W.3d at 737. Rule 52(b) of the Tennessee Rules of Criminal Procedure provides that "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of an accused at any time, even though the error was not raised in the motion for new trial or assigned as error on appeal." In order to constitute "plain error," the error must satisfy the following factors:

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'

*State v. Smith*, 24 S.W.3d 274, 282 (quoting *State v. Adkisson*, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). "[A]ll five factors must be established by the record before [a reviewing court] will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." *Id*. at 283. It is the defendant who bears the burden of persuasion to demonstrate plain error. *Gomez II*, 239 S.W.3d at 737.

In this case, review of the record clearly establishes the existence of four of the required factors in this case, as the record establishes what occurred at the sentencing hearing, a clear and unequivocal rule of law was breached with the application of an enhancement factor other than prior criminal history or admitted behavior, a substantial right of the defendant was affected because he was denied his Sixth Amendment right to a jury trial, and the record fails to reflect waiver for tactical reasons. *See id*. at 740-42. With regard to the fifth factor, in *Gomez II*, our supreme court concluded

-5-

that plain error of a *Blakely* infraction was necessary to do substantial justice. *Id*. at 742. To make that decision in this case, pursuant to *Gomez II*, we must look at what sentence we might impose on the basis of the defendant's prior criminal behavior alone to decide if substantial justice requires plain error review in this case. In short, we look at the relative impact on sentence enhancement for prior criminal behavior versus the other inappropriately applied enhancement factor.

We find no error in application of enhancement factor (1) based upon the defendant's prior criminal history of nine theft convictions, nine deception business practices convictions, one conviction for possession of marijuana, and one conviction for harassment. Despite the fact that the court erred in its application of the second enhancement factor, we are unable to conclude that the defendant is entitled to relief. Given the defendant's extensive criminal history, when weighed against the single mitigator applied by the trial court, we conclude that the enhancement factor for prior criminal history was entitled to great weight and warrants the sentences imposed.

## II. Alternative Sentencing

Next, the defendant contends that the trial court erred in ordering his sentences be served in the Department of Correction. Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration, and an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6) (2003). Because the defendant was convicted of Class D felonies, the presumption applies. Evidence to the contrary may be establishing by showing that: (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense or that confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The court may also consider the mitigating and enhancement factors set forth in Tennessee Code Annotated section 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. T.C.A. 40-35-210(b)(5); *State v. Boston*, 938 S.W.2d 435, 538 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5) (2003); *Boston*, 938 S.W.2d at 438.

In imposing sentences of confinement in this case, the trial court stated:

The Court also considers that measures less restrictive have been applied to the Defendant unsuccessfully, his failure to appear for the probation - - or rather for the presentence report. His brief violation of probation periods indicate a lack of potential for rehabilitation.

The defendant's argument supporting relief is based upon his assertion that the court failed to find "that confinement was necessary to avoid depreciating the seriousness of the offense or to provide a deterrent to others." He acknowledges that the court did make specific findings with regard to his extensive criminal history and that measures less restrictive than confinement have been applied to the defendant. This argument is clearly misplaced. The statute sets out three ways in which evidence to the contrary can be established. It does require that each of the three circumstances be found to apply. A finding of one is sufficient to rebut the presumption in favor of alternative sentencing.

After review, we conclude that the record establishes that the trial court appropriately considered the principles of sentencing and that the imposition of sentences of confinement was proper. The record indicates that the defendant had numerous prior convictions and that he had previously been granted probation and parole, which he did not successfully complete. The presentence report indicates he was revoked from probation in 2001 and 2002, and he was revoked from parole in 2004. As found by the trial court, this reflects poorly on the defendant's potential for rehabilitation. The defendant is not entitled to relief on this issue.

## III. Consecutive Sentencing

Finally, the defendant contends that the trial court erred in ordering that the sentences for the defendant's three convictions be served consecutively. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds that "[t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood" or "[t]he defendant is an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(1), (2) (2003). The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved" under the circumstances. T.C.A. § 40-35-102(1), -103(2).

In imposing consecutive sentences, the trial court found:

[T]he defendant has an extensive history of criminal convictions and criminal behavior and he has, according to the presentence report, devoted himself to no livelihood - - no other livelihood other than through crime. And lastly, that the protection of the public demands that consecutive sentences be imposed to protect the public from an individual whose criminal activity is extensive and appears to have no other livelihood other than through theft and criminality.

The defendant contends that the trial court erred, asserting that "there is no evidence in the record that can properly stand for the proposition that [the defendant] is 'a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood.'" He asserts that the State's failure to present evidence that the defendant's criminal acts had provided a major source of

livelihood precluded the court's reliance upon this factor. He also asserts that the court erred in finding that the defendant had an extensive criminal history because while the defendant's "criminal history looks extensive at first blush, a closer look reveals that the bulk of his convictions are misdemeanors and resulted from pleas entered in November 2000. But for those pleas, [the defendant] would not have an extensive criminal history."

Review of the record gives some merit to the defendant's contention with regard to the finding that he was a professional criminal. We agree that the presentence report establishes that the defendant has a very sparse employment history, working only "off and on." However, there was no evidence presented reflecting the amount of money that the defendant derived from criminal offenses or that he used that income to support himself. *See State v. George Hampton*, No. W2004-01248-CCA-R3-CD (Tenn. Crim. App., at Jackson, Jul. 14, 2005) (citing *State v. Desirey*, 909 S.W.2d 20 (Tenn. Crim. App. 1995)). Because the State failed to prove that the defendant's criminal acts provided a major source of livelihood, we conclude that the trial court's consideration of this factor was inappropriate.

However, the record amply supports that court's finding that the defendant has an extensive criminal history. From 1987 to 2005, the defendant amassed five felony convictions and fifteen misdemeanor convictions. Despite his assertion to the contrary, we agree with the trial court that this is an extensive criminal history. That several of the crimes are misdemeanors and occurred in a relatively short period of time is of little importance to this finding. We conclude there was no error in the trial court's determination that consecutive sentencing was appropriate in this case.

## CONCLUSION

Based upon the foregoing, the sentences are affirmed as imposed.

_____
JOHN EVERETT WILLIAMS, JUDGE